# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SAALE FAMILY L.P., et al., | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-01402-SRC |
| | ) | |
| SPIRE STL PIPELINE LLC, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Remand and for Fees [24]. The Court grants the Motion for Remand, and remands this matter back to the Circuit Court of St. Charles County for lack of subject-matter jurisdiction. The Court denies the motion for fees.

## I. BACKGROUND

This case involves a dispute between a natural gas company, Spire STL Pipeline LLC ("Spire"), and eight groups of plaintiff landowners. Spire obtained authority from the Federal Energy Regulatory Commission (FERC) to construct a natural gas pipeline. The path of the new pipeline will pass through Plaintiffs' properties. Defendant Michels Corporation is Spire's general contractor responsible for constructing the new pipeline. Plaintiffs brought state law tort claims against Spire and Michels alleging that Defendants' pipeline construction activities have resulted in trespass and damage to Plaintiffs' property.

### A. Issuance of the FERC Certificate

On August 3, 2018, FERC issued to Spire a Certificate of Public Convenience and Necessity, authorizing Spire to construct and operate a new, 65-mile-long natural gas pipeline

1

system extending from Scott County, Illinois to St. Louis County, Missouri. Doc. 1-1. The proposed course of the pipeline passes through St. Charles County, Missouri. *Id.*, pg. 3.

Congress, in the Natural Gas Act (NGA), has granted the right of eminent domain for the purpose of pipeline construction to natural gas companies that obtain a Certificate of Public Convenience and Necessity:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f(h).

### B. Condemnation Proceedings in the District Court

Beginning on August 15, 2018, Spire, pursuant to its condemnation authority under the Certificate, initiated condemnation proceedings in this Court against a number of parcels of land Spire deemed necessary for construction of the new pipeline.[1] Spire's condemnation complaints defined specific proposed easement areas—for permanent easements on the land over which the pipeline will run, for temporary easements on land needed for construction access, or both.[2] On September 10, 2018, the Court consolidated the individual condemnation suits into the case *Spire STL Pipeline LLC v. 3.31 Acres of Land, More or Less, Situated in St. Charles County, State of Missouri, et al.*, No. 4:18-cv-01327-SRC-DDN. Plaintiffs, in this case, are all owners of one or

---

[1] *See generally Spire STL Pipeline LLC v. 3.31 Acres of Land, More or Less, Situated in St. Charles County, State of Missouri, et al.*, No. 4:18-cv-01327-SRC-DDN.
[2] *Id., e.g.,* Doc. 1, ¶ 15.

more properties that are the subject of condemnation proceedings in the ongoing consolidated condemnation case.

On December 12, 2018, this Court granted Spire an order of condemnation and issued a preliminary injunction in the consolidated condemnation case, allowing Spire to take immediate "physical possession of the subject parcels of property and [to] begin construction of the subject pipeline" as soon as Spire deposited a surety bond. Doc. 5-28. After paying the requisite bond on December 17, 2018,[3] Spire took physical possession of the properties and began construction of the pipeline. While the Court's order of condemnation resolved the issue of Spire's immediate possession of the properties, the amount of just compensation due to Plaintiffs for condemnation of those properties remains pending in the ongoing consolidated condemnation case.

### C. The State Court Complaint

Plaintiffs originally filed the present case in the Circuit Court of St. Charles County on April 26, 2019. Plaintiffs' Complaint does not dispute that this Court granted Spire an injunction in the consolidated condemnation case to access and construct the pipeline on areas of their properties defined by that injunction. Doc. 5, ¶¶ 41, 85, 129, 173, 217, 261, 305, 349. The gravamen of Plaintiffs' Complaint is that Defendants' construction activities *within* the areas defined by the Court's injunction order are resulting in damage to Plaintiffs' adjoining properties *outside* those areas. Specifically, Plaintiffs allege that Defendants "(1) fail[ed] to properly excavate for the Spire Pipeline in the Injunction Area; (2) fail[ed] to control the run-off from the Injunction Area; (3) … pump[ed] thousands of gallons of surface water, silt, and other materials from the Injunction Area on to [Plaintiffs' adjoining properties]; (4) … [left] and/or plac[ed]

---
[3] *Id.*, Doc. 242.

items, materials, silt, water, and debris on [Plaintiffs' adjoining properties] outside the Injunction Area; (5) … [went] outside the Injunction Area and onto [Plaintiffs' adjoining properties] for various construction purposes; and (6) … block[ed] drainage ditches on [Plaintiffs' adjoining properties]." Doc. 5, ¶¶ 42, 86, 130, 174, 218, 262, 306, 350.

Based on these allegations, Plaintiffs assert seven causes of action against Defendants[4]:
(1) Taking Beyond Easement **-** Plaintiffs allege that Defendants "expanded their use of the Landowners' property beyond that which is described in the Injunction" without initiating additional condemnation proceedings or paying appropriate consideration. Doc. 5, ¶¶ 51, 95, 139, 183, 227, 271, 315, 359. Plaintiffs allege that Defendants' unauthorized expanded use violates Missouri Revised Statute §523.283. Doc. 5, ¶¶ 52, 96, 140, 184, 228, 272, 316, 360.
(2) Trespass - Plaintiffs allege that Defendants "knowingly or by failure to exercise reasonable case [sic], entered the Plaintiffs' property beyond the bounds and terms of the Injunction and Injunction Area without the Plaintiffs' permission." Doc. 5, ¶¶ 57, 101, 145, 189, 233, 277, 321, 365.
(3) Destruction of Crops - Plaintiffs allege that Defendants "either knowingly or negligently damaged or destroyed Plaintiffs' field crop products that were grown for commercial purposes." Doc. 5, ¶¶ 64, 108, 152, 196, 240, 284, 328, 372. Plaintiffs allege that Defendants' knowing destruction of their field crop products violates Missouri Revised Statute §537.353. Doc. 5, ¶¶ 65, 109, 153, 197, 241, 285, 329, 373.
(4) Statutory Trespass on Realty - Plaintiffs allege that Defendants "cut down, injured, or destroyed Plaintiffs' plants, and cut down Plaintiffs' agricultural products on Plaintiffs' real

---

[4] All eight groups of Plaintiffs separately assert the same seven causes of action against Defendants Spire and Michels Corporation. Plaintiffs bring their *respondeat superior* claims against Spire only. Plaintiffs assert their remaining claims against both Defendants.

4

estate, in which Defendants had no interest or right." Doc. 5, ¶¶ 70, 114, 158, 202, 246, 290, 334, 378. Plaintiffs allege that Defendants' cutting, injuring or destruction of Plaintiffs' plants, in which they had no right, violates Missouri Revised Statute §537.340. Doc. 5, ¶¶ 71, 115, 159, 203, 247, 291, 335, 380.

(5) Negligence - Plaintiffs allege that "Michels was negligent in the construction of the Spire Pipeline negligently depositing water and silt onto Plaintiffs' land outside the injunction area." Doc. 5, ¶¶ 76, 119, 163, 207, 251, 295, 339, 384.

(6) *Respondeat Superior* - Plaintiffs allege that "Michels was the agent for and acting on behalf of its principal, []Spire" and that "Spire is liable to the Plaintiffs for all wrongful acts of []Michels" described in the complaint. Doc. 5, ¶¶ 79, 122, 166, 210, 254, 299, 342, 387.

(7) Punitive Damages - Plaintiffs allege that Defendants conduct was "outrageous, willful, wanton, and performed with a malicious culpable state," thereby warranting punitive damages. Doc. 5, ¶¶ 83, 126, 170, 214, 258, 303, 346, 391.

### D. Removal Proceedings

Spire's Notice of Removal alleged that this Court has subject-matter jurisdiction on two bases: 1) federal-question jurisdiction on the basis of preemption, because the case "involves federal condemnation authority provided to Spire by [FERC]," and 2) federal-question jurisdiction based on interpretation of a federal court order, because the case involves "the scope of this Court's Order of Condemnation and Preliminary Injunction." Doc. 1, ¶¶ 2-3.

Regarding preemption, Spire argued that "FERC expressly provides administrative remedies for property owners, like Plaintiffs, to file complaints concerning natural gas pipeline construction and its related effects/damages before the FERC." *Id.*, ¶ 28. Spire further alleged that some Plaintiffs have filed complaints to FERC "regarding Michels' construction of the Spire

5

STL Pipeline" and that those FERC complaints remain pending. *Id.*, ¶ 29. Thus, Spire argued, "a federal question is [] presented in this case because Plaintiffs' claims are preempted under federal law." *Id.*, ¶ 33.

Spire also argued that this case presents a federal question because "[t]he allegations of Plaintiffs' claims place squarely at issue the scope and terms of this Court's…Order granting the Preliminary Injunction." *Id.*, ¶ 21. Citing instances in the complaint where Plaintiffs described Defendants' behavior by referring to the injunction, Spire argued that "[w]here an action requires interpretation of a federal court order…a federal question exists." *Id.*, ¶¶ 23-24.

Plaintiffs' remand motion argues that their claims arise exclusively under Missouri law. Doc. 24, pg. 5. Plaintiffs first emphasize that they do not challenge: 1) the necessity of the easement taken across their property pursuant to the injunction; 2) Spire's authority under the NGA to condemn portions of Plaintiffs' property; 3) the validity of Spire's FERC certificate; or 4) Spire's "complete discretion" to conduct construction activities within the "Easement Area that [do] not result in damage [to Plaintiffs' property] outside the Easement Area." *Id.*

Plaintiffs then argue that Spire's theory of removal is actually based on assertion of a federal defense to Plaintiffs' state law claims—i.e., that the FERC certificate authorizes Spire to do what Plaintiffs contend violates Missouri law. *Id.*, pg. 7. Plaintiffs argue that a federal defense is not a basis for removal. *Id.* Finally, Plaintiffs argue that preemption does not create a federal question in this case because neither FERC nor the NGA completely preempts state law tort claims like those asserted here. *Id.*, pg. 9-11.

## II. DISCUSSION

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

6

the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### A. Federal Question Jurisdiction

"[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Accordingly, a plaintiff may avoid federal jurisdiction by exclusive reliance on state law." *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (quotations omitted). "Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Great Lakes Gas*, 843 F.3d at 329. Thus, the Court first addresses whether federal law creates the causes of action in this case, and then whether Plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law. *Id.*

#### 1. State Law Creates the Causes of Action

The Complaint shows that Missouri law creates all of Plaintiffs' causes of action. Plaintiffs explicitly plead three of their seven causes of action (taking beyond easement,

7

destruction of crops, and statutory trespass on realty) as violations of Missouri statutes.[5] Plaintiffs' claims for trespass and negligence, while not statutory, are manifestly state law tort claims. *See, e.g., Henke v. Arco Midcon, L.L.C.*, 750 F. Supp. 2d 1052, 1058 (E.D. Mo. 2010) (analyzing trespass and negligence claims under Missouri common law). And Plaintiffs' claims for *respondeat superior* and punitive damages are derivative actions based on their other state law claims. *See State ex rel. Shell Petroleum Corp. v. Hostetter*, 156 S.W.2d 673, 676 (1941) (recognizing *respondeat superior* as a doctrine of derivative liability); *Klein v. Gen. Elec. Co.*, 728 S.W.2d 670, 671 (Mo. Ct. App. 1987) ("A punitive damage claim is not a separate cause of action; it must be brought in conjunction with a claim for actual damages."). In sum, Plaintiffs plead pure state-law claims and federal law does not create any of Plaintiffs' causes of action.

In opposition, Spire argues that the Complaint pleads a federal question because interpretation of the injunction order "is an essential element of each of Plaintiffs' claims."[6] Doc. 31, pg. 9. Spire's argument apparently rests on a misreading of *Gully v. First National Bank*, 299 U.S. 109, 112, (U.S. 1936). In *Gully*, the Supreme Court held that "[t]o bring a case within [§ 1441], a *right or immunity* created by the Constitution or the laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.*, at 112 (emphasis added). Plaintiffs' causes of action do not depend on any right or immunity created by the injunction order, because—as Plaintiffs have conceded—that order effectuated a *restriction*, not an expansion, of their rights over their property. Put differently, the injunction

---

[5] Doc. 5, ¶¶ 52, 96, 140, 184, 228, 272, 316, 360 (taking beyond easement); ¶¶ 65, 109, 153, 197, 241, 285, 329, 373 (destruction of crops); ¶¶ 71, 115, 159, 203, 247, 291, 335, 380 (statutory trespass).
[6] Tellingly, neither Spire's Notice of Removal, Doc. 1., nor Spire's opposition to Plaintiffs' motion for remand, Doc. 31, includes any discussion of the actual elements of any of Plaintiffs' claims, even though the existence of federal-question jurisdiction involves a claim-by-claim analysis. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554, (2005).

8

order is not an essential element of Plaintiffs' state law claims because Plaintiffs could have plead all of these same claims even if the injunction had never been entered.

As Spire asserts, Plaintiffs' Complaint does include numerous references to the injunction order. *See* Doc. 31, pg. 8 (noting that "Plaintiffs specifically refer to the Injunction Order in at least 75 different allegations"). For example, Plaintiffs' claims for trespass allege that Defendants "entered the Plaintiff's property beyond the bounds and terms of the Injunction and Injunction Area without the Plaintiff's permission." Doc. 5, ¶¶ 57, 101, 145, 189, 233, 277, 321, 365. Thus, Spire argues that "this case turns on whether Spire and Michels exceeded authority granted to them in a federal court order." Doc. 31, pg. 9. But the "mere fact that a court necessarily must interpret federal law or federal regulations to determine the merits of a claim is insufficient to confer federal jurisdiction." *Wells-Williams v. Bi-State Dev.*, No. 4:16-CV-348, 2016 WL 6873451, at *2 (E.D. Mo. Nov. 22, 2016); *see also Merrell Dow*, 478 U.S. at 813 ("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). The issue is not whether (or how many times) Plaintiffs refer to the injunction in their Complaint. Instead, the critical question is whether Plaintiffs assert any cause of action created by federal law.

As discussed above, Plaintiffs' Complaint pleads only state law causes of action. Plaintiffs do not assert a claim for violation of the injunction order. On the contrary, Plaintiffs have emphasized that they are *not* challenging the necessity or validity of Spire's FERC certificate or the court-ordered injunction. Doc. 24, pg. 5. Thus, if the terms of the injunction order will be disputed in this case, it will only be because Defendants raise the injunction as a defense to Plaintiffs' state law claims. It is "settled law that a case may *not* be removed to federal court on the basis of a federal defense…even if the defense is anticipated in the plaintiff's

complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393.

In context, Plaintiffs reference the injunction order only to delineate where the scope of the federal injunction ends and their state law claims begin. *See, e.g.,* Doc. 5, ¶¶ 49, 57 ("Defendants expanded their use of the Landowner's property *beyond* the Injunction Area"); ("Defendants … entered the Plaintiffs' property *beyond* the bounds and terms of the Injunction and Injunction Area") (emphasis added). As "masters of the[ir] complaint," *Caterpillar*, 482 U.S. at 395, Plaintiffs' have a right to avoid federal jurisdiction by relying exclusively on state law. *Id.*, at 392. By disclaiming any challenge to the injunction order, Plaintiffs have done precisely that.

The two cases that Spire principally relies on to support its argument are distinguishable. In *Handy Land & Timber, L.L.L.P. v. Transcontinental Gas Pipe Line Company, LLC*, 250 F. Supp. 3d 1337 (N.D. Ga. 2017), the complaint alleged that the defendant gas company removed trees from plaintiff's property without paying just compensation. After the defendant removed the case, the district court denied the plaintiff's motion to remand because the same parties were already engaged in condemnation proceedings pursuant to a FERC certificate. *Handy Land* is distinguishable because the plaintiff's cause of action directly challenged what the defendant gas company "[could] and [could not] do in the [FERC] condemnation proceedings."[7] *Id.* at 1339. In the present case, Plaintiffs have expressly acknowledged Spire's condemnation authority, and do not challenge either the FERC certificate or the injunction. Doc. 24, pg. 5.

---

[7] The *Handy Land* plaintiff's complaint sought both compensation for the trees and a temporary restraining order to block any further tree removal. 250 F. Supp. 3d at 1338. The district court found that the defendant's FERC certificate authorized removal of the trees and that compensation for the trees would be resolved through the condemnation proceedings. *Id.*, at 1340.

Spire also relies on *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340 (6th Cir. 2008), a case that did not involve FERC condemnation at all. In *EBI-Detroit*, the Sixth Circuit affirmed removal of a case after finding that a single one of the plaintiff's state court claims raised a federal question.[8] *Id.* at 345-46. Specifically, the complaint included a count for "Willful Violation and Abuse of Power as Special Master of [Detroit Water and Sewer District]." *Id.* at 346. Because a federal court order created the office of Special Master, the court found that this count of the complaint raised a federal question.

Spire argues that *EBI-Detroit* stands for the proposition that any claim that necessarily involves interpretation of a federal court order raises a federal question. Doc. 1, ¶ 24. *EBI-Detroit's* actual holding is much narrower. The court noted: "[Plaintiff] cannot recover under [this count] unless [the Special Master] *violated federal law*, so we have a classic federal question and therefore subject matter jurisdiction." *Id.* (emphasis added). The *EBI-Detroit* plaintiff's right to relief under this count depended on showing a violation of the court order. Without the federal court order creating the office of Special Master, the *EBI-Detroit* plaintiff could not have stated a claim for "Willful Violation and Abuse of Power as Special Master." Conversely, the injunction order is not a necessary element of any of Plaintiffs' state law claims. Each of Plaintiffs' causes of action would be cognizable even if the injunction order had never been entered.[9] Thus, *EBI-Detroit* only affirms the familiar principle that where federal law creates a cause of action, federal-question jurisdiction exists. Federal law does not create any of Plaintiffs' causes of action.

---

[8] The remainder of the plaintiff's claims were therefore removable as an exercise of the court's supplemental jurisdiction. *EBI-Detroit*, 279 F. App'x. at 346; *see also* 28 U.S.C. § 1367(a).
[9] Thus, Plaintiffs' allegations that Defendants exceeded their authority under the injunction order must be understood as anticipatory references to a federal defense. It is settled law that "a case may not be removed to federal court on the basis of a federal defense…*even if the defense is anticipated in the plaintiff's complaint*". *Caterpillar*, 482 U.S. at 393 (emphasis added).

11

## 2. Complete Preemption

As discussed above, determining whether a particular case arises under federal law ordinarily turns on the "well-pleaded complaint" rule. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). "There is an exception, however, to the well-pleaded complaint rule. '[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." *Id.* (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, (2003)). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.*

Complete preemption is rare and arises under only a limited number of federal statutes. *Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018). Complete preemption exists when the federal statute at issue provides the exclusive cause of action for the claim asserted and sets forth procedures and remedies governing that cause of action. *Beneficial Nat. Bank*, 539 U.S. at 8.[10] To date, the Supreme Court has recognized complete preemption in only four areas of federal law: the Labor Management Relations Act,[11] the Employee Retirement Income Security Act,[12] the National Bank Act,[13] and Native American tribal claims to possession of property.[14]

---

[10] Though often confused, "complete preemption" and "preemption" are different concepts. "Complete preemption" occurs when state law has been replaced by federal law, and federal law takes over all claims in that area. *Lehmann v. Brown*, 230 F.3d 916, 919 (7th Cir. 2000) ("Unfortunately 'complete preemption' is a misnomer, having nothing to do with preemption and everything to do with federal occupation of a field."). "Preemption," on the other hand, "is a federal defense that exists where a federal law has superseded a state law claim," a "state statute directly conflicts with federal law," or "where a federal law completely occupies the field of regulation so that by implication there is no room for state regulation and the coexistence of federal and state regulation is not possible." *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 248 (8th Cir. 2012).
[11] *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1 (1983).
[12] *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).
[13] *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003).
[14] *Oneida Indian Nation of N.Y. State v. Oneida Cty., N.Y.*, 414 U.S. 661 (1974).

Here, Spire argues that the NGA, 15 U.S.C., §717 *et seq.*, preempts Plaintiffs' claims. Doc. 31, pg. 3. Notably, Spire does not point to any particular provision of the NGA as providing the exclusive cause of action for Plaintiffs' claims. Instead, Spire cites three cases which, Spire argues, show that "the claims alleged in this action are completely preempted by federal law." *Id.*, pg. 11. First, Spire cites *Pet Quarters, Inc. v. Depository Trust and Clearing Corporation*, 559 F.3d 772 (8th Cir. 2009). *Pet Quarters* does not support Spire's complete preemption argument because *Pet Quarters* is a case about stock trading and the Securities Exchange Act of 1934 ("SEA") that does not involve the NGA or FERC at all. *Id.* at 775. Thus, even if *Pet Quarters* held that the SEA completely preempts state law claims (which it expressly does not),[15] that holding would offer no support to Spire's NGA complete preemption theory. More importantly, *Pet Quarters* does not even address preemption in the context of jurisdiction, but solely in a discussion of preemption as a defense on the merits. *Id.* at 780. Spire's citation to *Pet Quarters* shows that it has conflated the jurisdictional issue of complete preemption with the defense of preemption.[16]

Spire's remaining authorities similarly offer no support for complete preemption by the NGA. Both *Otwell v. Alabama Power Co.*, 944 F. Supp. 2d 1134 (N.D. Ala. 2013), and *Colorado Interstate Gas Co. v. Wright*, 707 F. Supp. 2d 1169 (D. Kan. 2010), exclusively address preemption as a defense on the merits, in the context of ruling on cross-motions for summary judgment. Neither case involves a motion for remand. In sum, these are not complete preemption cases, and Spire misplaces reliance on these authorities.

---

[15] *Pet Quarters*, 559 F.3d at 780 ("The district court concluded that in this case *conflict preemption* applies.") (emphasis added).
[16] *See* note 10, *supra*.

13

Federal courts that have considered whether the NGA completely preempts state law claims have determined that it does not. *See, e.g., Van Scyoc v. Equitrans, L.P.*, 255 F. Supp. 3d 636, 645 (W.D. Pa. 2015) (NGA did not completely preempt claims by landowners against natural gas company for trespass and unjust enrichment); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 346 F. Supp. 2d 1123, 1131–32 (D. Nev. 2004) (NGA does not completely preempt state regulation of natural gas industry because "no such complete preemption language appears in [the Act]"); *see also Indeck Maine Energy, L.L.C. v. ISO New England Inc.*, 167 F. Supp. 2d 675, 686 (D. Del. 2001) ("[T]he Supreme Court held that while the [NGA] provides for the exclusive jurisdiction in federal court of suits enforcing rates for natural gas filed with the Federal Power Commission, it does not completely preempt all state law claims and require removal to federal court.") (citing *Pan Am. Petroleum Corp. v. Superior Court of Del. In & For New Castle Cty.*, 366 U.S. 656, 664 (1961)).

Spire's Notice of Removal apparently alleges,[17] in the alternative, that Plaintiffs' claims are completely preempted by FERC's administrative procedures as set forth in 18 C.F.R. § 385.206. Doc. 1, ¶¶ 28-32. According to Spire, because "FERC expressly provides administrative procedures for property owners…to file complaints concerning natural gas pipeline construction and its related effects/damages before the FERC", and because some of the Plaintiffs in this case have filed such FERC complaints, Plaintiffs' state law causes of action are preempted. *Id.* Spire again fails to distinguish between the jurisdictional doctrine of complete preemption, and ordinary preemption as a defense on the merits.

---

[17] Spire's brief in opposition to remand contains only passing reference to this argument, but does assert both "the NGA and FERC Certificate" as bases for "complete preemption of Plaintiffs' claims in this action." Doc. 31, pg. 13.

Assuming without deciding that Spire has adequately alleged that FERC administrative procedures *completely preempt* Plaintiffs' state law claims, the argument fails as a matter of law. As noted above, complete preemption exists where the federal statute at issue 1) provides the *exclusive cause of action* for the claim asserted; and 2) sets forth procedures and remedies governing that cause of action. *Beneficial Nat. Bank*, 539 U.S. at 8 (emphasis added). Spire's argument fails at the first prong because 18 C.F.R. § 385.206 does not provide an exclusive cause of action for any of the claims asserted in Plaintiffs' Complaint. In relevant part, 18 C.F.R. § 385.206 provides:

> Any person may file a complaint seeking Commission action against any other person alleged to be in contravention or violation of any statute, rule, order, or other law administered by the Commission, or for any other alleged wrong over which the Commission may have jurisdiction.

Plaintiffs' causes of action do not challenge the validity of the FERC certificate or any other "statute, rule, order, or other law administered by the Commission." Plaintiffs assert purely state law claims: for negligence, trespass, etc. Nothing in 18 C.F.R. § 385.206 suggests an intent to create a private cause of action for those state law claims, much less an exclusive one. *See Huey ex rel. Estate of Young v. Duke Energy Carolinas, LLC*, No. C.A.7:09-1058-HMH, 2009 WL 1743904, at *1 (D.S.C. June 18, 2009) (noting that "the FERC regulations do not grant a private cause of action"). Accordingly, neither the NGA nor the FERC administrative procedures completely preempt Plaintiffs' claims.

### 3. Plaintiffs' Claims Do Not Implicate Significant Federal Issues

Even where federal law does not create the cause of action, federal question jurisdiction may exist if a "state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Great Lakes Gas,* 843 F.3d at

15

331 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). Thus, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "This rule applies only to a special and small category of cases that present a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous cases." *Great Lakes Gas,* 843 F.3d at 331 (quotations omitted).

Under *Grable*, the Court first inquires whether this case necessarily raises any federal issue. 545 U.S. at 314. If any federal issue is necessarily raised in this case, it is the meaning and scope of this Court's injunction order entered in the consolidated condemnation case.[18] Even though Plaintiffs repeatedly refer to the injunction order to show that their state law claims involve matters outside the scope of the injunction, the Court assumes resolution of Plaintiffs' claims will necessarily require some interpretation of the scope and bounds of the injunction order. Accordingly, the Court presumes the first requirement of *Grable* is satisfied.

The Court next considers whether the parties actually dispute the meaning of the injunction order in this case. Plaintiffs argue that they have not challenged "Spire's ability to take its easements or to engage in any and all construction activity thereon." Doc. 24, pg. 9. But Plaintiffs also allege, repeatedly, that Defendants have exceeded the permissible scope of the injunction. *See, e.g.,* Doc. 5, ¶¶ 42, 49, 57. At minimum, these allegations strongly imply that

---

[18] Conversely, the validity of Spire's FERC certificate, and Spire's related condemnation authority, are not necessarily raised in this case. *See Waldock v. Rover Pipeline LLC*, No. 3:17CV959, 2017 WL 3224573, at *6 (N.D. Ohio July 31, 2017) (finding issues of the parties "rights, duties and obligations under the NGA and FERC Certificate" "will come into the case if, and only if, [defendant] injects them into it to defend against plaintiffs' claims."); *cf. Enable Mississippi River Transmission, LLC v. Nadel & Gussman, LLC*, No. 15-1502, 2016 WL 1064640, *2 (W.D. La.), at *3 ("[f]ederal courts which have also confronted claims involving FERC certificates have held that no necessary, disputed, and substantial federal question was presented") (collecting cases).

16

the bounds of the injunction will be disputed. Thus, for purposes of the *Grable* analysis, the Court presumes the second requirement is also satisfied.

The Court then turns to the third requirement, the substantiality of the issue. The claimed significance of the federal issue to the particular parties themselves does not satisfy the "substantiality" requirement. *Gunn*, 568 U.S. at 260. The substantiality inquiry instead looks to "the importance of the issue to the federal system as a whole." *Id*.

In *Grable*, a quiet title action originally filed in state court, the Supreme Court held that the meaning of a federal tax provision, specifically the requirement in 26 U.S.C. § 6335 that the IRS give adequate notice of the seizure of real property to satisfy a federal tax delinquency, was "an important issue of federal law that sensibly belongs in a federal court." 545 U.S. at 315. In contrast, in *Gunn*, an action for legal malpractice, the Supreme Court held the validity of a patent was not a significant issue, important to the federal system as a whole. 568 U.S. at 260-64. The Supreme Court found the state court's resolution of the question of patent law in the context of a malpractice action would have no broader effects; it would not stand as binding precedent; and it would not affect the validity of the patent. *Id*.

Interpretation of the injunction order in this case is not substantial in terms of its importance (or unimportance) to the federal system as a whole. The only terms of the injunction order necessarily at issue in this case are the specific easements granted to Spire over these Plaintiffs' properties. Resolution of that issue will have no broader effect, and a ruling on the scope of those easements will affect the parties themselves but only have limited effect (if any) on others. Nor will a state court interpretation of the injunction order bind this court or otherwise interfere with the ongoing condemnation proceedings. *Commodities Exp. Co. v. Detroit Int'l Bridge Co.*, 695 F.3d 518, 528 (6th Cir. 2012) (a state court's opinion on an issue of federal law

17

"is entitled to no deference whatsoever"); *see also Hawkman v. Parratt*, 661 F.2d 1161, 1166 (8th Cir. 1981) ("federal courts need not defer to a state court's interpretation of federal law"); *Coleman v. Rieck*, 253 F. Supp. 2d 1101, 1109 (D. Neb. 2003) ("federal courts are not bound by a state court's interpretation of federal law"). Accordingly, any federal issue raised by this case is not "substantial in the relevant sense," *Gunn*, 568 U.S. at 260, and the third requirement of *Grable* is not satisfied. Because the lack of a substantial federal issue is dispositive, the Court need not consider the fourth *Grable* factor. For these reasons, the Court finds it lacks subject-matter jurisdiction and the Court must remand this matter back to the Circuit Court of St. Charles County.

**B.    Attorney Fees**

Plaintiffs seek an award of their costs and attorney fees incurred as a result of removal. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015).

Plaintiffs argue that Spire lacked any objectively reasonable basis for removal, citing *Waldock v. Rover Pipeline LLC*, No. 3:17CV959, 2017 WL 3224573 (N.D. Ohio July 31, 2017). *Waldock*, a case in which the district court remanded a state-law tort action and awarded attorney fees under § 1447(c), shares many operative facts with the present case. In *Waldock*, the defendant gas company obtained easements over plaintiff landowners' property to construct a natural gas pipeline pursuant to a FERC certificate. *Id.* at *1. As in the present case, the

18

plaintiffs sued in state court alleging that the defendant's construction activities in the easement area resulted in flooding of the plaintiffs' property outside the easement area. *Id.* at *1. The plaintiffs' state court complaint did not challenge the validity of the FERC certificate or the defendant's "complete discretion" to operate within the easement areas. *Id.* at *3.

While *Waldock* is persuasive authority on the issue of remand, the Court finds the cases sufficiently factually distinct that it will not follow *Waldock* on the issue of attorney fees. First, in *Waldock,* the federal condemnation proceedings were already completed when plaintiffs filed their state court action, whereas they remain ongoing here. *Id.* at *8. Second, the defendant in *Waldock* obtained easements via settlement agreement, rather than a court-ordered injunction. *Id.* at *8. As a result, the *Waldock* plaintiffs did not need to repeatedly reference the federal injunction order in their complaint. Given the ongoing condemnation proceedings in this Court, and the many references to a federal injunction order in Plaintiffs' complaint, Spire's removal of this case to federal court was not objectively unreasonable. The Court denies Plaintiffs' request for attorney fees and costs incurred.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is remanded back to the Circuit Court of St. Charles County. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the clerk of the State court.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorney fees and costs under 28 U.S.C. § 1447(c) is denied.

So Ordered this 27th day of November, 2019.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**